NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001306
23-OCT-2014
09:00 AM**

NOS. CAAP-13-0001306, CAAP-13-0003437, and CAAP-13-0003840

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL RAY, INDIVIDUALLY AND AS NEXT FRIEND FOR
ALYSSA RAY, A MINOR, AND DEBBIE RAY,
Plaintiffs/Appellees,
v.
KAPIOLANI MEDICAL SPECIALISTS,
KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,
Defendants/Appellees

AMERICAN INTERNATIONAL GROUP, INC.,
Non-Party/Appellant
and
DOES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-1150)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

This appeal arises from a medical malpractice lawsuit first filed in 2003 involving Plaintiffs/Appellees Alyssa Ray, Michael Ray, and Debbie Ray (collectively, **the Rays**) and Defendant/Appellee Kapiolani Medical Specialists (**KMS**). Non-Party Insurer/Appellant American International Group, Inc. (**AIG**) has filed three separate notices of appeal in Case Nos. CAAP-13-0001306, CAAP-13-0003437, and CAAP-13-0003840 (**AIG Appeals**). The AIG Appeals were consolidated under CAAP-13-0003840 by order of this court filed November 19, 2013.

In CAAP-13-0003840, AIG appeals from the October 2, 2013 "Supplemental Order Determining Sanctions Amounts, for May 6, 2013 Findings of Fact, Conclusions of Law and Order Imposing

Sanctions on Defendant's Insurer, AIG, Inc. Under RCCH Rule 12.1" entered in the Circuit Court of the First Circuit[1] (**circuit court**).

In CAAP-13-0003437, AIG appeals from the circuit court's August 26, 2013 "Order Denying AIG's Motion for Reconsideration of May 6, 2013 Order Imposing Sanctions on Defendant's Insurer, AIG, Inc., Under RCCH Rule 12.1 from Order to Show Cause Hearing Held February 1, 2013 (filed June 5, 2013)," filed under seal (**Order Denying Reconsideration**).

In CAAP-13-0001306, AIG appeals from the circuit court's May 6, 2013 "Findings of Fact, Conclusions of Law and Order Imposing Sanctions on Defendant's Insurer, AIG, Inc., Under RCCH Rule 12.1 from Order to Show Cause Hearing Held February 1, 2013 (Filed nder Seal)" (**FOFs/COLs/Order**).

AIG contends the circuit court erred by:

(1) entering its May 6, 2013 FOFs/COLs/Order and its August 26, 2013 Order Denying Reconsideration;

(2) violating the constitutional due process rights of AIG and Sharon V. Sobers (**Sobers**), a complex claims director in healthcare malpractice for AIG; and

(3) abusing its discretion by imposing on AIG: a $1,000 sanction paid to the chief clerk of the circuit court, an order to pay the Rays' attorney's fees and expenses related to settlement negotiations, and an order to pay the settlement mediator's fees and expenses.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude, with one exception, that AIG's appeals lacks merit.[2]

AIG first contends the circuit court erred by finding AIG did not "have a person authorized to settle the case" at the

---

[1]     The Honorable Karen T. Nakasone presided.

[2]     To the extent that our decision refers to matters filed under seal or in camera, we conclude that such references do not reveal privileged information and are necessary to resolve this appeal.

2

January 11, 2013 settlement conference, pursuant to Rules of the Circuit Court of Hawai'i (**RCCH**) Rule 12.1(a)(6), because Sobers did have "full settlement authority to settle for [AIG's] valuation of the case[.]"

The circuit court found Sobers did not have full settlement authority at the January 11, 2013 settlement conference because, when asked whether AIG would negotiate within the range of damages proposed by the circuit court and the mediator, Sobers "responded that she would have to check as to whether she could negotiate in the proposed range." The circuit court found Sobers had failed to respond by January 14, 2013 regarding the negotiations, as she stated she would; and that it had received Sobers' message that AIG declined negotiation within the proposed range "[a]t about 12 noon on January 15, 2013." The circuit court found that "[t]he contrived distinctions between 'settlement authority' and 'settlement strategy' lack[ed] credibility and good faith." The circuit court did not clearly err by finding Sobers' lack of full settlement authority "led to an unproductive settlement conference on January 11th," unnecessary delays on January 14th and 15th, a full day of court time wasted on January 15th, and an unexpected extension of travel time for the Rays' mainland counsel.

The circuit court gave notice to AIG of the meaning of a person with "full settlement authority" through its notice of settlement conference, disapproval of the delays caused by Sobers' indecision at the January 11, 2013 settlement conference, discussions with KMS' attorney regarding the scope of Sobers' settlement authority, and expressions of "doubt that sending [Sobers] was in compliance with the Court order." The circuit court did not clearly err by finding AIG had failed to comply with its order that a person with full settlement authority be present at its settlement conferences.

AIG cites <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473 at 1480 (9th Cir. 1989) for the proposition, "[n]on parties should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment." AIG contends it was a non-party and any miscommunication of its authority to the

3

circuit court amounted "to mistake, inadvevent [sic] or an error of judgment." Contrary to AIG's characterizations, Zambrano did not reverse sanctions levied against attorneys on the basis of their non-party status or the lack of intention underlying their noncompliance with local rules requiring their admittance in the local district bar. Rather, Zambrano's holding was based on considerations of judicial economy provided for in Federal Rules of Civil Procedure (**FRCP**) Rule 1,[3] in light of the trial court's "startling conclusion" that the plaintiffs' attorneys, who were admitted in the state bar and another district's bar, but not admitted in the bar of that court, "were not any more qualified than an auto mechanic to conduct a trial"; and the decision to declare a mistrial. Id. 885 F.2d at 1475-76 (internal quotation marks omitted). It was in the context of facilitating judicial economy that the Zambrano court concluded that sanctions against attorneys for "mere negligent violations of local rules" was "not necessary to the orderly functioning of the court system, especially in light of the availability of alternative remedies." Zambrano, 885 F.2d at 1480 (citing 18 U.S.C. § 401 (the federal contempt statute)). In the instant case, the circuit court imposed sanctions because it found AIG's actions had "wasted" the court's time and AIG cannot claim "inadvertent" noncompliance because notices of settlement conference included notice that they had failed to provide a person with full settlement authority at the settlement conferences.

AIG contends the circuit court erred by failing to require both parties be present at the January 29, 2013 settlement conference. At the January 29, 2013 conference, the circuit court explained that it had excused the Rays from appearing because "this is in the context of a settlement conference negotiations [sic], and also what the [circuit court] is now determining looks to the [circuit court] to be an undue

---

[3] The Zambrano court further noted, "'The force of this first and greatest of the Rules should not be blunted by district court's exaggerating the importance of local rules and enforcing such rules through inappropriate over-rigorous sanctions.'" (quoting Woodham v. American Cystoscope Co., 335 F.2d 551, 557 (5th Cir. 1964) citing Rule 1 FRCP).

interference with the [circuit court's] ability to conduct meaningful settlement negotiations." Contrary to AIG's contention, the circuit court's purpose in holding a settlement conference without the Rays was not to "coerce" AIG to settle, but to give AIG "an opportunity to respond" to the circuit court's impression of undue interference.

AIG contends the circuit court entered sanctions against them because AIG and KMS resisted the court's attempts to "coerce [KMS] and AIG into settlement for a value much higher than the valuation by [KMS.]" The record does not substantiate AIG's contention that "[t]he [circuit] court was mad about [KMS'] participation in the settlement negotiations and the fact that AIG declined to adopt the [circuit] court's settlement negotiation strategy." The circuit court found that "imped[ing] the progress of settlement discussions when time was of the essence in view of the imminent February 11, 2013 jury trial date" constituted sanctionable conduct.

Contrary to AIG's contention, the instant case is distinguished from Kamaunu v. Kaaea, 99 Hawai'i 432, 56 P.3d 734, (App. 2002) aff'd, 99 Hawai'i 503, 57 P.3d 428 (2002), in which "the imposition of sanctions was premised on Defendant's failure to make a monetary settlement offer and on his firm intention to go to trial, [and was not based] on a failure to ensure the presence of a representative with complete settlement authority at the settlement conference." Kamaunu, 99 Hawai'i at 506, 57 P.3d at 431 (footnote omitted). At no time did the circuit court indicate that its sanctions were directed at an action other than AIG's failure to present a person with full settlement authority and the ensuing delay in the circuit court's ability to conclude its settlement conferences.

AIG contends the circuit court abused its discretion by imposing sanctions consisting of payments to: (1) the chief clerk, because the circuit court "was doing the job it was paid to do[;]" (2) the mediator, because these sanctions were imposed "simply because [KMS] did not offer what the [circuit] court wished it to offer[;]" and (3) the Rays' attorney, because the hourly rate of $450 and hours allowed were both excessive. AIG

5

provides no argument and points to no authority to support its contention that these payments constituted abuses of discretion.

In regard to AIG's contention that the hourly rate of the Rays' attorney's fees were excessive, we note the circuit court was "an expert . . . and knows as well as a legal expert what are reasonable attorney fees, and that the amount of attorney's fees is within the judicial discretion of the court[.]" Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 306, 141 P.3d 459, 479 (2006) (citation and internal quotation marks omitted). The circuit court took into consideration the Rays' attorney's skill, reputation and stature, 39 years of experience, and the "number, novelty and difficulty of the issues raised in this case, within the highly specialized medical malpractice subject area, and the overall length and nature of this litigation" in determining his reasonable hourly rate should be $450 as opposed to the requested $500 per hour. See Sunday's Child, LLC v. Irongate Azrep BW LLC, 2014 WL 2451560 (D. Haw. 2014) (finding the hourly rate of $450 reasonable and "in line with the prevailing rates for comparable attorneys in the community").

Finally, AIG contends the circuit court "failed to notify AIG of its proposal to ban the right of a witness to submit a declaration when that witness resides thousands of miles from Hawai'i" and thus violated AIG's constitutional due process rights. AIG's contention concerns the scope of the circuit court's authority to prohibit Sobers from submitting any but live testimony for the circuit court's consideration. The scope of the circuit court's authority is defined by HRS § 603-21.9(1) and (6) (1993), which provides:

> §603-21.9 **Powers.** The several circuit courts shall have power:
>
> (1) To make and issue all orders and writs necessary or appropriate in aid of their original or appellate jurisdiction;
>
> . . . .
>
> (6) To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers

which are or shall be given to them by law or for the promotion of justice in matters pending before them.

The Hawai'i Supreme Court has concluded "if the [circuit] court has the inherent power to level the ultimate sanction of dismissal, it necessarily has the power to take all reasonable steps short of dismissal, depending on the equities of the case." Kawamata Farms, Inc. v. United Agri Products, 86 Hawai'i 214, 242, 948 P.2d 1055, 1083 (1997), as amended (Jan. 13, 2004) (quoting Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 507, 880 P.2d 169, 182 (1994)). Given inconsistencies between Sobers' declarations dated January 31, 2013 and June 5, 2013 and recognition of the discretion afforded to the circuit court in making credibility determinations, the circuit court did not abuse its discretion by prohibiting Sobers from filing further written declarations and requiring her live testimony in this case. However, absent a finding of bad faith based upon clear and convincing evidence, the circuit court erred in extending this prohibition to all future declarations by Sobers in "any other case[.]" See Bank of Hawaii v. Kunimoto, 91 Hawai'i 372, 389-91, 984 P.2d 1198, 1215-17 (1999).

Therefore,

IT IS HEREBY ORDERED that:

(1) the October 2, 2013 "Supplemental Order Determining Sanctions Amounts, for May 6, 2013 Findings of Fact, Conclusions of Law and Order Imposing Sanctions on Defendant's Insurer, AIG, Inc. Under RCCH Rule 12.1" appealed in case no. CAAP-13-0003840;

(2) the August 26, 2013 "Order Denying AIG's Motion for Reconsideration of May 6, 2013 Order Imposing Sanctions on Defendant's Insurer, AIG, Inc., Under RCCH Rule 12.1 from Order to Show Cause Hearing Held February 1, 2013 (filed June 5, 2013)," filed under seal appealed in CAAP-13-0003437; and

(3) the May 6, 2013 "Findings of Fact, Conclusions of Law and Order Imposing Sanctions on Defendant's Insurer, AIG, Inc., Under RCCH Rule 12.1 from Order to Show Cause Hearing Held February 1, 2013 (Filed Under Seal)" appealed in case no. CAAP-13-0001306, all entered in the Circuit Court of the First Circuit

are affirmed with the exception of the prohibition to all future declarations by Sober in "any other case" which is reversed.

DATED: Honolulu, Hawai'i, October 23, 2014.

On the briefs:

Keith K. Hiraoka
Jodie D. Roeca
(Roeca Luria Hiraoka)
for Non-Party/Appellant.

Collin M. (Marty) Fritz
Allen K. Williams
(Trecker & Fritz)
for Plaintiffs/Appellees.

Chief Judge

Associate Judge

Associate Judge